## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                          CV 15-680 MCA/WPL

HIGH PLAINS LIVESTOCK, LLC, dba
PRODUCERS LIVESTOCK AUCTION,
MICHAEL FLEN, CALVIN PAREO,
and DARCIE PAREO,

      Defendants.

### ORDER GRANTING MOTION TO QUASH SUBPOENAS
### DATED OCTOBER 6, 2015

On October 14, 2015, the United States of America filed a Motion to Quash Subpoenas Dated October 6, 2015. (Doc. 31.) That same day, I entered an order expediting briefing on the Motion to Quash. (Doc. 32.) The Defendants timely responded (Doc. 37), and the United States filed its reply (Doc. 38). Having reviewed the briefing and the relevant law, I grant the United States's Motion to Quash Subpoenas Dated October 6, 2015. The four subpoenas identified in the Motion are hereby quashed.

The United States filed a motion for preliminary injunction. (Doc. 7.) Chief Judge Armijo referred to me the issue of whether to appoint a receiver for Defendant High Plains Livestock ("HPL"). (Doc. 18.) I held an in-person hearing with the parties on September 9, 2015 (*see* Doc. 25), and set an evidentiary hearing for October 19 and 20, 2015, on the issues relating to the appointment of a receiver (Doc. 26). A scheduling order has not been issued and formal discovery has not been opened. On October 6, 2015, the Defendants issued four subpoenas to

officers or employees of the Grain Inspection Packers and Stockyards Administration ("GIPSA"), United States Department of Agriculture ("USDA"). One of these subpoenas was issued to Agent Roderick S. Prather—who resides in Lubbock, Texas, and works in West Texas—directing him to produce documents at the evidentiary hearing set for October 19, 2015. (Doc. 31 Ex. 1.)[1]

The United States objects to these four subpoenas on two bases: 1) the subpoenas are an improper attempt to circumvent the normal discovery process, and 2) the subpoena to Agent Prather was improperly served, rendering it invalid. The Defendants responded that principles of due process and fair play require, at a minimum, that Agent Prather produce the documents he relied on during his investigation at the hearing on October 19, 2015. However, the Defendants cited only Federal Rule of Evidence 803(10) (the absence of an entry in a government record can be used as evidence) in their response and did not address the issues or authorities presented by the United States.

A request for production of documents issued from one party to another is generally made using Federal Rule of Civil Procedure 34, which governs producing documents and electronically stored information. *See United States v. 2121 Celeste Rd. SW, Albuquerque, N.M*, 307 F.R.D. 572, 582-86 (D.N.M. 2015). Rule 34 provides that a party must respond to a valid request for production, in writing, within thirty days of being served. FED. R. CIV. P. 34(b)(2)(A). Additionally, Rule 34 requires that the request for production "(A) must describe with reasonable particularity each item or category of items to be inspected[ and] (B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts[.]" *Id.* at 34(b)(1).

---

[1] The United States correctly points out that strict compliance with the subpoena would result in Agent Prather missing the evidentiary hearing all together. The subpoena directs Agent Prather to produce documents at the Federal Building and United States Courthouse located at 421 Gold Ave. SW, Albuquerque, New Mexico. However, the evidentiary hearing is scheduled at the Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, New Mexico.

Rule 45, which governs the issuance of subpoenas, is usually used to obtain documents and other discovery from non-parties. *2121 Celeste Rd.*, 307 F.R.D. at 586. Rule 45 provides that a subpoena must be "deliver[ed] . . . to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." FED. R. CIV. P. 45(b)(1). A subpoena "may command production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." *Id.* at 45(c)(2)(A).

While document production requests from one party to another are generally issued under Rule 34, a party may serve a subpoena on another party so long as the subpoena under Rule 45 is not used to circumvent discovery procedures under Rule 34. *2121 Celeste Rd.*, 307 F.R.D. at 588. On timely motion, courts are required to quash or modify subpoenas that: "(i) fail[] to allow a reasonable time to comply; (ii) require[] a person to comply beyond the geographical limits specified in Rule 45(c); (iii) require[] disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subject[] a person to undue burden." FED. R. CIV. P. 45(d)(3).

With regard to all of the subpoenas at issue here, the deadlines for production of documents are significantly shorter than that allowed under Rule 34. Specifically, the subpoena to Agent Prather allowed 13 days for compliance and the remaining three subpoenas allowed 10 days for compliance. Given the nature and scope of the requests, this is an unreasonably short period of time for compliance. For that reason, the subpoenas must be quashed under Rule 45(d)(3)(i). *See also Stokes v. Xerox Corp.*, No. 05-cv-71683, 2006 WL 6686584, at *3 (E.D. Mich. Oct. 5, 2006) (quashing subpoena that "shortened the time for producing the documents to eight days from the thirty days allowed under Rule 34(b)"); *In re GB Herndon & Assocs., Inc.*, No. 10-00945, 2011 WL 3811049, at *1 (Bankr. D.D.C. Aug. 29, 2011) ("A deposition subpoena

to a party may not be utilized to circumvent the 30-day response time provided for in Fed. R. Civ. P. 34.").

Additionally, the United States contends that the substantive requests for documents in the subpoenas are objectionable under Rule 34 for being overbroad. The Defendants did not respond to this argument at all. Upon review of the requests, which direct production of "all records from or related to [HPL]," "all documents, electronically stored information, or tangible things . . . that are related to [HPL]," and "all documents that [the agent has] reviewed that form the basis of any allegations set forth in the Complaint in this matter or that form the basis for any testimony [the agent] intend[s] to provide." (Doc. 31 Ex. 1 at 2, Ex. 2 at 2, Ex. 3 at 2, and Ex. 4 at 2.) Requests seeking "any" or "all" documents relating to broad categories are generally invalid under Rule 34, *see, e.g.*, *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 647-50 (10th Cir. 2008), but may be upheld when the subject-matter of the request is narrowly tailored, *see id.* at 349. I agree with the United States that the requests at issue in these four subpoenas cover broad categories and are insufficiently specific to comply with Rule 34.

As to the subpoena issued to Agent Prather, the United States correctly argues that a lack of personal service on Agent Prather and the requirement to appear and produce documents more than 100 miles from his place of residence or employment require that I quash the subpoena. First, Agent Prather was not personally served. (Doc. 31 Ex. 5 at 2.) It appears that the Defendants served the subpoena upon USDA counsel in Denver and upon the United States Attorney in Albuquerque. (*Id.*) District courts have held that subpoenas must be served in person, that service of a subpoena cannot be accomplished by mail, and that service of a subpoena upon an attorney does not qualify as personal service. *See Windsor v. Martindale*, 175 F.R.D. 665, 669 (D. Colo. 1997) (service upon an attorney does not qualify as personal service as required by

Rule 45); *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 686 (D. Kan. 1995) (subpoenas must be served by personal service and cannot be accomplished by mail). Accordingly, this subpoena ran afoul of the requirements of Rule 45(b)(1), requiring service upon the named person, and is therefore invalid. Second, Agent Prather lives and works in West Texas, well over 100 miles from Albuquerque. (Doc. 31 Ex. 5 at 1-2.) While his duties occasionally bring him into Eastern New Mexico, it appears that the closest he gets to Albuquerque is approximately 230 miles away—well outside the 100 mile limit of Rule 45. (*See* Doc. 31 Ex. 5 at 1-2.) The Defendants do not contest that Agent Prather resides in Lubbock, Texas, and does not conduct regular business anywhere near Albuquerque. Pursuant to Rule 45(d)(3)(ii), I am required to quash the subpoena on this basis as well.

The Defendants argue generally that due process and fairness require the production of documents requested by these subpoenas. The Defendants do not cite any case law or rules of civil procedure to support their contentions. Additionally, the Defendants affirmatively state that they have access to many of the documents they seek because they "file[d] a motion and obtain[ed] an order from the [State] Magistrate Court in order to have access to . . . records" that were seized pursuant to a valid warrant. (Doc. 37 at 2.) The Defendants failed to address any of the arguments of the United States or otherwise discuss why the subpoenas should not be quashed.

For the reasons stated above, the four subpoenas duces tecum issued by the Defendants on October 6, 2015, are quashed.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge