IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.	CV 15-680 MCA/WPL

HIGH PLAINS LIVESTOCK, LLC, dba
PRODUCERS LIVESTOCK AUCTION,
MICHAEL FLEN, CALVIN PAREO,
and DARCIE PAREO,

      Defendants.

**ORDER DENYING MOTION FOR CLARIFICATION**

The Defendants filed a motion for clarification (Doc. 56) on my Order Appointing a Receiver (Doc. 55). They seek a clarification of the Order allowing High Plains Livestock ("HPL") to continue operating under Calvin and Darcie Pareo and Michael Flen while Johnson Miller & Co. completes its initial audit and review. This request is denied.

I appointed Johnson Miller & Co. as the receiver for HPL. (*Id.* at 31.) Furthermore, I specifically stated that

> [u]nder no circumstances may the Pareos, individually or as a couple, or Mr. Flen have access to HPL's bank accounts, be responsible for creating records, or have ultimate decision-making authority. The receiver may solicit and consider advice from the Pareos on the technical aspects of running HPL, including cattle pricing, considerations relevant to each dairy, trucking operations, and farming decisions.

(*Id.* at 32.) I meant that the Pareos, individually or as a couple, and Flen may not have access to HPL's bank accounts, be responsible for creating records, or have ultimate decision-making authority. If HPL would like to continue operating during Johnson Miller & Co.'s initial audit and review, it may do so only with the consent of Johnson Miller & Co. and subject to the above

condition that the Pareos and Flen may not have access to HPL's bank accounts, be responsible for creating records, or have ultimate decision-making authority.

    IT IS SO ORDERED.

                                                                                    _____
                                                                                   William P. Lynch
                                                                                   United States Magistrate Judge