IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  No. 15-CV-680 MCA/WPL

HIGH PLAINS LIVESTOCK, LLC,
dba PRODUCERS LIVESTOCK AUCTION,
MICHAEL FLEN, CALVIN PAREO, and
DARCIE PAREO,

    Defendants.

## ORDER APPOINTING RECEIVER

THIS MATTER is before the Court based on the matter of the interim operations of Defendants while the Court reviews Magistrate Judge Lynch's *Order Appointing Receiver* [Doc. 55] (attached), as discussed at the hearing on December 17, 2015, and on the additional motions, briefing and documents submitted by the parties, specifically: the United States' *Motion for Order to Show Cause and Emergency Hearing* [Doc. 72]; *Defendants' Memorandum in Support of Proposed Form of Order* [Doc. 74]; Defendants' two, alternative proposed Orders submitted to the Court and copied to opposing counsel; and the United States' *Proposed Recommendation Protection of Property* [Doc. 75]. The Court has considered the parties' submissions, the relevant law, oral argument made at the hearing on December 17, 2015, and otherwise being fully advised in the premises.

The Court finds that exigent circumstances presently exist which necessitate the Court to undertake interim measures which will prevent the loss and waste of assets. This Court, as the Article III Judge in this matter, issues this Order pursuant to its

authority to appoint a receiver under Federal Rule of Civil Procedure 66, based on a balancing of the equities and based on the entire record of proceedings thus far, including the evidentiary hearing held by Magistrate Judge Lynch and all the subsequent filings. On December 21, 2015, the United States requested that the Court "appoint a receiver to wind down the business of High Plains Livestock and liquidate its assets." [Doc. 75, p. 1] Defendants requested either that a special master be appointed to oversee HPL's operations, and allow HPL to operate for the next 10 months under the oversight of a special master, or, in the alternative, to allow HPL to wind down by relinquishing possession of the leased properties and possession of the collateral to the lienholders. [Doc. 74, pp. 5-6] Weighing all of the equities, the Court will take a middle course in the interim until the Court holds another hearing on January 8, 2016.

This Court has the authority to appoint a receiver as one of the Court's equitable powers, and pursuant to Federal Rule of Civil Procedure 66. Pursuant to 28 U.S.C. § 959(b), a receiver must manage and operate the property in accordance with the state law of receivership. In New Mexico, the statute governing receivership is found at N.M.S.A. 1978, §§ 44-8-1 through 44-8-10. In particular, Section 44-8-7 states:

> Unless otherwise ordered by the district court, a person who acts as a receiver shall:
> A. prepare an inventory of the receivership estate within thirty days of appointment and file that inventory with the district court;
> B. collect and manage the receivership estate in a reasonable and prudent manner;
> C. file monthly operating reports with the district court and provide copies to all parties who have entered an appearance and allow such parties reasonable access to the books and records of the receivership;
> D. enter into contracts reasonably necessary to operate, maintain and preserve the receivership estate;

  E. take possession of all available books, records and other documents related to the receivership estate;
  F. lease assets of the receivership estate in accordance with the powers and limitations contained in the original order of appointment;
  G. bring and defend actions in his capacity as receiver to maintain and preserve the receivership estate;
  H. subject to prior order of the district court, engage and retain attorneys, accountants, brokers or any other persons and pay their compensation or fees, sell or mortgage property of the receivership estate, borrow money for the receivership estate, make distributions of receivership proceeds to any party or pay compensation to the receiver; and
  I. exercise any other powers expressly granted by statute or an order of the district court.

This Court has "broad powers and wide discretion to determine . . . relief in an equity receivership." *S.E.C. v. Vescor Capital Corp.*, 599 F.3d 1189, 1194 (10th Cir. 2010) (internal quotation marks and citation omitted). The receiver is not an agent for either party, nor is either party the client for the receiver. The receiver is an officer of the Court. 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 2981 (3d ed. 2014).

Generally, a receivership is created to "safeguard the assets, administer the property as suitable, and assist the district court in achieving a final, equitable distribution of the assets if necessary." *Vescor Capital Corp.*, 599 F.3d at 1194 (internal quotation marks and citations omitted).

  A receiver is an extraordinary equitable remedy that is only justified in extreme situations. Although there is no precise formula for determining when a receiver may be appointed, factors typically warranting appointment are a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.

*Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316-317 (8th Cir. 1993) (citations omitted).

The Court **HEREBY FINDS**:

1. The Court recognizes that the parties' objections to Magistrate Judge Lynch's *Order Appointing a Receiver* remain pending, and further proceedings on this issue will be heard on January 8, 2016.

2. However, because Defendants have indicated that they intend to relinquish assets, thus resulting in loss and potential waste of potentially valuable assets, the Court deems it necessary to immediately appoint a receiver to undertake interim measures to preserve assets and maintain the status quo as set forth herein below.

3. High Plains Livestock (HPL) has a current GIPSA dealer registration and a bond.

4. HPL is not currently conducting any dealer activities and is not, and legally may not, conduct any auction activities.

5. According to HPL, its dealer activities finance the rest of its operations, and without continuing dealer activities it will be unable to continue to pay on any equipment, mortgages, leases, or pay its employees.

6. Pursuant to Magistrate Judge Lynch's Order of December 8, 2015, Defendants may not engage in any dealership activities.

7. HPL has a trucking service.  HPL may engage in trucking operations solely and only to maintain the approximately 400 head of cattle owned by HPL.  Any trucking done for any other purpose can only be done under the authority of the receiver.

8. The HPL facility is subject to two liens and mortgages, one with a balance of over $100,000 and one with a current balance of approximately $350,000.

9. HPL leases three farms on which it grows crops and grazes cattle.  These farms are watered using groundwater irrigation systems.

10. HPL has approximately 400 cattle, most of which are female and expected to calve in the early spring.

11. Savant Holstein maintains financing statements and liens on vehicles and equipment used by HPL to operate the dealer, trucking and livestock activities.

12. HPL has insurance and must pay taxes and utilities on the farms.

13. According to HPL, their farm leases expired in October and were current until that time "but since then limited lease payments have been made." [Doc. 74, p. 4]  According to HPL, it "is not currently in a position to renew the leases or to make additional lease payments." [Doc. 74, p. 4]

14. HPL has maintenance expenses and employee expenses related to the above operations.

15. HPL has a lessee, Rosario Villagran.  The lease will not be renewed and he will have no access to the facility prior to January 8, 2016, and then only by order of the Court.

16. The facts as found by Magistrate Judge Lynch in his *Order Appointing a Receiver* [Doc. 55] are not clearly erroneous and are supported by the record and testimony at hearing.

17. There is a significant likelihood that the United States will be successful on the merits of its claim that it is entitled to substantial civil penalties. As set forth in Magistrate Judge Lynch's *Order Appointing a Receiver* [Doc. 55], the evidence in the record reflects the following:

   a. Defendants Calvin Pareo and Darcie Pareo operated High Plains Livestock on a day to day basis.

   b. Michael Flen allowed the Pareos to manage the day to day operations of High Plains Livestock.

   c. Prior to February of 2015, the Pareos and HPL, representing that it was acting as an auction, repeatedly altered sales tickets and paid sellers of cattle less than they were due pursuant to law.

   d. Prior to February of 2015, HPL wrongfully issued checks to individuals out of its custodial account, including checks to the Pareos' minor son (under 12 years old) for purported trucking services.

   e. Prior to February 2015, HPL's custodial account was short on at least four separate occasions, contrary to 7 U.S.C. § 204.

   f. Prior to February 2015, HPL routinely failed to remit payment to its custodial accounts by the close of business the day after the sale, as required by 9 C.F.R. § 201.42(d).

  g. Prior to February 2015, HPL generated false documents in violation of 7 U.S.C. § 221.

18. There is significant evidence that fraudulent conduct has occurred and there is a probability that fraud would continue to occur without the appointment of a receiver.

19. After consideration of all of the equities, the best way to maintain the status quo and avoid undue waste and loss, will be through appointment of a receiver.

20. The appointment of a receiver is a less drastic remedy than temporary injunctive relief prior to a final determination of the merits in this action.

21. Any winding down of the business, if appropriate, should be done through a receiver to prevent fraudulent conveyances or undue waste or loss.

22. The appointment of a receiver is necessary to prevent the concealment, loss, or diminished value of property.

23. The appointment of a receiver will do more good than harm.

24. All parties appear to agree that slowly winding down HPL will preserve more assets. However, more information is needed, from a neutral party, before the Court can determine whether the business can be wound down over a course of months, or whether it is only feasible to wind down the business immediately.

The Court **HEREBY ORDERS** that De'Aun Willoughby, Certified Public Accountant located in Clovis, New Mexico, is immediately appointed to act as a receiver, from now until further order of the Court. Ms. Willoughby shall immediately inform the

Court of whether she accepts appointment as receiver. The Court appoints Ms. Willoughby as a receiver for the following limited purposes: 1) conducting a financial review of each of Defendants and reporting to the Court regarding its findings; 2) holding title to the property; 3) paying such bills as necessary and collecting on such accounts as necessary.

Ms. Willoughby will report back to the Court regarding the following:

1. Whether HPL is viable as a continuing and ongoing business, including whether the plan proposed by Defendants in their Proposed Order B (Ten Month Winding Down) (attached) would preserve the assets of HPL and maintain HPL as a viable operation.

2. Whether there are any irregularities apparent in the accounts or property of HPL.

3. The Receiver shall issue a preliminary report to the Court on January 7, 2016 by 12:00 p.m. (noon), with the status of its work up until that time.

4. The issue of the fees and costs for the Receiver's fees will be addressed at the hearing on January 8, 2016, in accordance with N.M.S.A. 1978, § 44-8-8.

The Receiver shall also take possession of and maintain control of all property of HPL. The Receiver shall take all reasonable steps to prevent the relinquishment of property and maintain the status quo, as set forth above. This includes:

1. Maintain the GIPSA dealer registration and bond.

2. HPL shall not engage in any dealership activity until allowed by the Court.

3. Collect payments due to HPL, if any.

4. Pay mortgages and leases in order to maintain the status quo, as reasonable and feasible.

In furtherance of this Order, the Court hereby exercises its power to issue the following temporary injunctive relief, and **HEREBY ORDERS**:

1. Defendants, and each of them, shall provide the Receiver full access to HPL property, all of HPL's operations, and all records of HPL for the past five years.

2. Any interference with the Receiver's execution of her duties or access to records or the properties or operations may result in the Defendant(s) being held in contempt.

3. No individual Defendant shall conduct any business as a dealer. No Defendant shall deal, sell, purchase or lease any cattle.

4. No Defendant shall sell any property or allow any property to go into default.

5. Defendants shall maintain the cattle they currently own and maintain all of their property in the same condition as it is in as of today, December 23, 2015.

6. Defendants shall notify the Receiver of all actions they take with regard to the property of HPL, including the cattle, buildings, leaseholds, barns, and all other physical properties.

7. Darcie Pareo and Calvin Pareo are ordered and enjoined to maintain the farmland, cattle and irrigation systems until further order of the Court. They will be compensated by HPL per authorization of the Receiver.

8. The United States shall serve a copy of this Order on De'Aun Willoughby as soon as reasonably possible.

**IT IS FURTHER ORDERED** that the scope of the services of De'Aun Willoughby, as the Receiver appointed by this Court, are set by the Court herein and any matters relating to the scope of her services shall be brought to the attention of the Court. The Receiver is not an agent of either party and no party is a client of the Receiver. The Receiver is an Officer of the Court.

**IT IS FURTHER ORDERED** that the Receiver, Ms. Willoughby, shall be present at the January 8, 2016, hearing at 10:00 a.m. The hearing will be held in at the Pete V. Domenici Court House, in the Chama Courtroom, Room 480, at 333 Lomas Blvd. NW, Albuquerque, New Mexico, before the Honorable Chief Judge M. Christina Armijo.

**IT IS SO ORDERED** this 23rd day of December, 2015 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court