IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          No. 15-CV-680 MCA/WPL

HIGH PLAINS LIVESTOCK, LLC,
dba PRODUCERS LIVESTOCK AUCTION,
MICHAEL FLEN, CALVIN PAREO, and
DARCIE PAREO,

    Defendants.

## ORDER FOR TEMPORARY INJUNCTION

THIS MATTER is before the Court based on the matter of the interim operations of Defendants while the Court reviews Magistrate Judge Lynch's *Order Appointing Receiver* [Doc. 55], as discussed at the hearing on December 17, 2015, and on the additional motions, briefing and documents submitted by the parties, including: the United States' *Motion for Order to Show Cause and Emergency Hearing* [Doc. 72]; *Defendants' Memorandum in Support of Proposed Form of Order* [Doc. 74]; Defendants' two, alternative proposed Orders submitted to the Court and copied to opposing counsel; and the United States' *Proposed Recommendation Protection of Property* [Doc. 75]. The Court has considered the parties' submissions, the relevant law, oral argument made at the hearing on December 17, 2015, the matters raised on December 23, 2015, and is otherwise fully advised in the premises.

The Court finds that exigent circumstances presently exist which necessitate the Court to undertake immediate interim measures, through injunctive relief, which will

1

prevent the loss and waste of assets.  This Court has balanced the equities and considered the entire record of proceedings thus far, including the evidentiary hearing held by Magistrate Judge Lynch and all the subsequent filings.  On December 21, 2015, the United States requested that the Court "appoint a receiver to wind down the business of High Plains Livestock and liquidate its assets." [Doc. 75, p. 1]  Defendants requested either that a special master be appointed to oversee HPL's operations, and allow HPL to operate for the next 10 months under the oversight of a special master, or, in the alternative, to allow HPL to wind down by relinquishing possession of the leased properties and possession of the collateral to the lienholders. [Doc. 74, pp. 5-6]

Exercising its authority to appoint a receiver pursuant to one of the Court's equitable powers, and pursuant to Federal Rule of Civil Procedure 66, the Court, on December 23, 2015, appointed De'Aun Willoughby, CPA as Receiver. [Doc. 88]  Ms. Willoughby was charged, pursuant to 28 U.S.C. § 959(b), with managing and operating the subject property in accordance with the state law of receivership.  Ms. Willoughby's name was submitted to the Court for consideration.  Late on the afternoon of December 23, 2015, Ms. Willoughby advised the Government that she no longer was willing serve as a receiver.

The Court **HEREBY FINDS**:

1. The Court recognizes that the parties' objections to Magistrate Judge Lynch's *Order Appointing a Receiver* remain pending, and further proceedings on this issue will be heard on January 8, 2016.

2. However, because Defendants have indicated that they intend to relinquish assets, thus resulting in loss and potential waste of potentially valuable assets, the Court deems it necessary to immediately enjoin Defendants from causing waste or loss of assets, and to direct Defendants to undertake all reasonable interim measures to preserve assets and maintain the status quo as set forth herein below.

3. High Plains Livestock (HPL) has a current GIPSA dealer registration and a bond.

4. HPL is not currently conducting any dealer activities and is not, and legally may not, conduct any auction activities.

5. According to HPL, its dealer activities finance the rest of its operations, and without continuing dealer activities it will be unable to continue to pay on any equipment, mortgages, leases, or pay its employees.

6. Pursuant to Magistrate Judge Lynch's Order of December 8, 2015, Defendants may not engage in any dealership activities.

7. HPL has a trucking service.  HPL may engage in trucking operations solely and only to maintain and service the approximately 400 head of cattle owned by HPL, and for no other purpose.

8. The HPL facility is subject to two liens and mortgages, one with a balance of over $100,000 and one with a current balance of approximately $350,000.

9. HPL leases three farms on which it grows crops and grazes cattle.  These farms are watered using groundwater irrigation systems.

10. HPL has approximately 400 cattle, most of which are female and expected to calve in the early spring.

11. Savant Holstein maintains financing statements and liens on vehicles and equipment used by HPL to operate the dealer, trucking and livestock activities.

12. HPL has insurance and must pay taxes and utilities on the farms.

13. According to HPL, their farm leases expired in October and were current until that time "but since then limited lease payments have been made." [Doc. 74, p. 4] According to HPL, it "is not currently in a position to renew the leases or to make additional lease payments." [Doc. 74, p. 4]

14. HPL has maintenance expenses and employee expenses related to the above operations.

15. HPL has a lessee, Rosario Villagran. The lease expires on December 31, 2015, and will not be renewed; Rosario Villagran will have no access to the facility between December 24, 2015 and January 8, 2016, and thereafter only by Order of this Court.

16. All facts as found by Magistrate Judge Lynch in his *Order Appointing a Receiver* [Doc. 55] are not clearly erroneous and are supported by the record and testimony at hearing.

17. There is a significant likelihood that the United States will be successful on the merits of its claim that it is entitled to substantial civil penalties. As set forth in Magistrate Judge Lynch's *Order Appointing a Receiver* [Doc. 55], the evidence in the record reflects the following:

    a. Defendants Calvin Pareo and Darcie Pareo operated High Plains Livestock on a day to day basis.

    b. Michael Flen allowed the Pareos to manage the day to day operations of High Plains Livestock.

    c. Prior to February of 2015, the Pareos and HPL, representing that it was acting as an auction, repeatedly altered sales tickets and paid sellers of cattle less than they were due pursuant to law.

    d. Prior to February of 2015, HPL wrongfully issued checks to individuals out of its custodial account, including checks to the Pareos' minor son (under 12 years old) for purported trucking services.

    e. Prior to February 2015, HPL's custodial account was short on at least four separate occasions, contrary to 7 U.S.C. § 204.

    f. Prior to February 2015, HPL routinely failed to remit payment to its custodial accounts by the close of business the day after the sale, as required by 9 C.F.R. § 201.42(d).

    g. Prior to February 2015, HPL generated false documents in violation of 7 U.S.C. § 221.

18. There is significant evidence that fraudulent conduct has occurred and there is a high probability that fraud would continue to occur without the interim injunctive relief provided for herein.

19. After consideration of all of the equities, the best way to maintain the status quo and avoid undue waste and loss, will be through the interim injunctive relief provided herein.

20. Temporary injunctive relief, under the circumstances presented here, is reasonable and necessary prior to a final determination of the merits in this action in order to prevent the concealment, loss, or diminished value of property.

**THE COURT HEREBY ORDERS THAT DEFENDANTS TAKE THE FOLLOWING AFFIRMATIVE ACTIONS IN ORDER TO PRESERVE THE ASSETS OF HPL:**

1. Maintain the GIPSA dealer registration and bond.
2. Not engage in any dealership activity until allowed by the Court.
3. Collect payments due to HPL, if any, and maintain a proper record and accounting of such;
4. Pay mortgages and leases in order to maintain the status quo, as reasonable and feasible.
5. Maintain the cattle they currently own (including providing food, water and other necessities), and maintain all other property in the same condition as it is in as of today, December 24th, 2015.
6. Notify the Court of all actions they take with regard to the property of HPL, including the cattle, buildings, leaseholds, barns, and all other physical properties and financial matters.

**IT IS FURTHER ORDERED THAT:**

1. Darcie Pareo and Calvin Pareo maintain the farmland, cattle and irrigation systems until further order of the Court;

2. The terms of this Order shall remain in effect until further Order of the Court.

**IT IS FURTHER ORDERED THAT DEFENDANTS ARE ENJOINED FROM:**

3. Conducting any business as a dealer. No Defendant shall deal, sell, purchase or lease any cattle.

4. Selling any property or allowing any property to go into default.

**SO ORDERED** this 24th day of December, 2015 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court