IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                          No. 15-CV-680 MCA/WPL

HIGH PLAINS LIVESTOCK, LLC,
dba PRODUCERS LIVESTOCK AUCTION,
MICHAEL FLEN, CALVIN PAREO, and
DARCIE PAREO,

    Defendants.

### ORDER APPOINTING GAYLAND COWEN AS SPECIAL MASTER

This Order is entered pursuant to a hearing convened on January 8, 2016 and on the Court's *Memorandum Opinion and Order* entered on January 11, 2016. Galyand Cowen, CPA, is qualified to serve as Special Master in this case and his hereby appointed as Special Master pursuant to Federal Rule of Civil Procedure Rule 53 and is directed to proceed with all reasonable diligence.

### SPECIAL MASTER SCOPE OF DUTIES RELATED TO HIGH PLAINS LIVESTOCK dba PRODUCERS LIVESTOCK

**I.     Dealer operations subject to the Packers and Stockyards Act.**

The Special Master is directed to undertake the following duties in relation to the dealer operations of High Plains Livestock that are regulated pursuant to the Packers and Stockyards Act:

    1.     Prior to the resumption of dealer operations by High Plains Livestock, the Special Master shall meet with representatives of High Plains Livestock to familiarize

1

himself with the dealer operations. This meeting shall take place no more than two (2) days after the issuance of this Order. At that time, the Special Master shall:

    a.    visit the facility used for the dealer operations familiarize himself with how the facility is used for dealer operations;

    b.    familiarize himself with the process used by High Plains Livestock to buy and sell cows as a regulated dealer;

    c.    review paperwork generated by High Plains Livestock for the buying and selling of cows as a regulated dealer;

    d.    familiarize himself with the method used by High Plains Livestock to price cows that are purchased as part of the dealer operations;

    e.    familiarize himself with the method whereby sellers are paid for the cows sold to High Plains Livestock;

    f.    familiarize himself with the method whereby the cows are sold by High Plains Livestock;

    g.    confirm that High Plains Livestock is not charging a commission for the sale and purchase of cows; charging a commission will not be permitted;

    h.    confirm that High Plains Livestock is purchasing cows "by the head."

    2.    Following the meeting described in Paragraph 1, the Special Master shall provide written notice to High Plains Livestock that it may reinstate dealer operations using the High Plains Livestock facility. This written notice will be based on the Special Master being familiar enough with the operations of High Plains Livestock to undertake

and institute the oversight and monitoring described in Paragraphs 3 through 11. A copy of such notice shall be provided to the Court and the parties in this matter.

3. The Special Master shall have the authority to ask questions regarding any dealer transaction undertaken by High Plains Livestock and shall have the authority to require High Plains Livestock to provide additional information, documentation, including banking documentation or explanation in regard to such questions. If the Special Master does not receive a satisfactory response from High Plains Livestock, he shall notify the Court and the Court shall such action as the Court deems appropriate to address the situation.

4. High Plains Livestock shall only purchase cows from the entities listed in Exhibit A, attached hereto. High Plains Livestock shall not accept cows from any other entities without prior authorization of the Special Master.

5. Upon resumption of the dealer operation, the Special Master, or a person designated and supervised by the Special Master, will attend and review in person as many actual dealer transactions as the Special Master determines is reasonable. For purposes of this paragraph, a dealer transaction is defined as the purchase or sale by High Plains Livestock of one or more cows.

6. The Special Master shall verify the accuracy of Defendants representations to the Court regarding HPL's operations, including:

   a. Determining where Defendants sell or ship the cattle (presumably, but not necessarily, the packers or slaughterhouses) (hereinafter referenced as "Buyers"), and acquire all agreements between these buyers/receivers of the

3

      cattle and Defendants;

  b. Obtaining, reviewing, and determining whether the agreements between the Buyers and Defendants are reasonable and appropriate;

  c. Determining whether the dealer operations are limited to the approximately forty dairy customers identified by Defendants and approximately one thousand cows a week from those dairies as indicated by Defendants; and

  d. Reporting to the Court on his findings of all activity anticipated during ongoing operations.

7. High Plains Livestock shall maintain the "cow account" at Wells Fargo Bank. Calvin Pareo and Darcie Pareo are authorized to write checks from the "cow account" for the purchase of cows from the entities identified in Exhibit A, attached hereto, and authorized to deposit funds from all sales of cattle into the "cow account."

8. High Plains shall provide the Special Master with a copy of the check and the paperwork documenting the purchase and sale of cattle within 24 hours of each transaction. Calvin Pareo and Darcie Pareo shall provide the Special Master with their mobile telephone numbers and shall be available at all times to discuss the transactions and answer questions.

9. The Special Master will be provided with direct electronic access to the "cow account" maintained at Wells Fargo Bank. The Special Master shall direct High Plains Livestock regarding additional requirements regarding the "cow account."

10. The Special Master shall direct High Plains Livestock and its employees regarding any additional recordkeeping requirements that are needed to fulfill the duties of the Special Master.

11. For the first month after this Order is in effect, the Special Master shall provide to the Court and the parties a weekly compilation of the prior week's dealer activities, with the first report due on January 19, 2016.  This compilation shall include a financial reconciliation of the "cow account."

12. After the first month, the Special Master may determine whether it is appropriate to compile a monthly, rather than a weekly, compilation of the dealer activities, and request Court approval for monthly reporting.

## II. High Plains Livestock operations that are not subject to the Packers and Stockyards Act.

The Special Master is directed to undertake the following duties in relation to the operations of High Plains Livestock that are not regulated pursuant to the Packers and Stockyards Act (the non-dealer operations):

1. The Special Master shall monitor the financial transactions of the High Plains non-dealer operations and shall compile reports on such transactions to be submitted to the Court.  The Special Master shall not have any managerial duties or obligations for the non-dealer day-to-day operations of High Plains Livestock but shall monitor the operations to ensure that assets and property are not being wasted or lost.

2. The Special Master shall have the authority to ask questions regarding any transaction undertaken by High Plains Livestock and shall have the authority to require

High Plains Livestock to provide additional information, documentation or explanation in regard to such questions. The Special Master shall also have the authority to ask questions and require information regarding potential waste or loss of assets. If the Special Master does not receive a satisfactory response from High Plains Livestock, he shall notify the Court and the Court shall such action as the Court deems appropriate to address the situation.

3. The Special Master shall meet with representatives of High Plains Livestock to familiarize himself with the High Plains Livestock operations that are not regulated by the Packers and Stockyards Act. This meeting shall take place no more than seven (7) days after the issuance of this Order. High Plains Livestock shall provide the Special Master with a list of all monthly obligations of High Plains Livestock, including lease and mortgage payments and operating expenses and the names, addresses and contact information for all creditors, lessors, and mortgagors.

4. High Plains Livestock shall be allowed to reinstate the non-dealer operations at the same time as the dealer operations are reinstated. High Plains Livestock shall work to reinstate the farm leases, to reinstate the sublease on the facility, and to bring lease, financing, and mortgage payments current. The Special Master shall be informed of all transactions related to this paragraph, which are subject to Paragraph 2, above.

5. The Special Master will be provided with direct electronic access to the "operating account" maintained at Wells Fargo Bank and all High Plains Livestock

accounts. The Special Master shall direct High Plains Livestock regarding additional requirements regarding the "operating account."

6. The Special Master shall confirm that appropriate arrangements have been made to pay the monthly obligations of High Plains Livestock and that such arrangements and obligation are being met.

7. The Special Master shall direct High Plains Livestock and its employees regarding any additional recordkeeping requirements that are needed to fulfill the duties of the Special Master.

8. For the first month after this Order is in effect, the Special Master shall provide to the Court and the Parties to this matter a weekly compilation of the prior week's activities for the non-dealer activities. This compilation shall include a financial reconciliation of the "operating account" and all High Plains Livestock accounts.

9. After the first month, the Special Master may determine whether it is appropriate to compile a monthly, rather than a weekly, compilation of the non-dealer activities, and request Court approval for monthly reporting.

### III. Compensation and delegation of duties

1. Special Master Gayland Cowen shall be paid at a rate of $200.00 per hour plus gross receipts and expenses. Payment shall be made from the Court Registry as directed by separate order of the Court.

2. The Special Master may designate employees (who do not have a conflict) to assist him in carrying out his duties. Such employees shall only act under the direct

supervision and oversight of the Special Master. The Special Master shall obtain payment for activities undertaken by employee at their usual rate of compensation.

### IV. Additional Duties and Responsibilities

1. It is further Ordered that Special Master Cowen report to the Court and the parties any irregulatities apparent in any of the Defendants' accounts, property, and activities associated with the dealer operations.

2. It is further Ordered that Special Master Cowen perform an accounting of all bank accounts and assets, debts and liabilities maintained by High Plains Livestock. Personal accounts of the individual Defendants shall not be used in any manner for the operation of the business of High Plains Livestock. Defendants Darcie Pareo, Calvin Pareo, Michael Flen and High Plains Livestock, LLC, dba Producers Livestock Auction shall disclose to Special Master Cowen within two days of the date of this Order the names and bank account numbers of all bank accounts associated with their business, the names and contact information of each creditor and any other information requested by the Special Master so that he may complete the Accounting. The Accounting is due to the Court, with copies to the parties, on January 19, 2016.

**CONCLUSION**

    **WHEREFORE,** it is **HEREBY ORDERED** that:

1) Gayland Cowen is appointed as Special Master and shall perform the duties as set forth in this *Order*;

2) Gayland Cowen shall email all reports and accountings to the Court's Proposed Text Box, at mcaproposedtext@nmcourt.fed.us, and the Court will then file such reports and accountings on the docket.

**SO ORDERED** this 11th day of January, 2016 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court