# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                CV 15-680 MCA/WPL

HIGH PLAINS LIVESTOCK, LLC,
d/b/a PRODUCERS LIVESTOCK AUCTION,
MICHAEL FLEN, CALVIN PAREO,
and DARCIE PAREO,

      Defendants.


## ORDER DENYING MOTION TO STAY DISCOVERY

The Defendants filed a motion to stay discovery pending the Court's ruling on whether the doctrine of primary jurisdiction applies.[1] (Doc. 115.) The United States opposes the motion on the basis that primary jurisdiction does not apply and it is likely that the Court will find that it has subject matter jurisdiction. (Doc. 127.) Having reviewed the briefing, and being otherwise fully informed on the facts and the law, I find that a stay of discovery is inappropriate at this time; therefore, the motion is denied.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See, e.g.*, *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. 2006) (unpublished). Rule 26, however, provides that "[t]he court may, for good cause, issue an

---

[1] On January 7, 2016, the Court entered an Order to Show Cause on the issues of the applicability of the doctrine of primary jurisdiction and whether the Secretary of Agriculture must initiate administrative proceedings before the United States may file an action for injunctive relief. (Doc. 97.) The United States filed its brief regarding the Order to Show Cause on January 19, 2016, arguing that the Court has subject matter jurisdiction and that the doctrine of primary jurisdiction does not apply. (Doc. 107.) The Defendants also filed their brief regarding the Order to Show Cause on January 19, 2016, arguing that the Court does not have subject matter jurisdiction, the doctrine of primary jurisdiction applies, and the case should be dismissed. (Doc. 108.)

order to protect a party or person from annoyance, embarrassment, oppression, or undue burden

or expense . . . ." FED. R. CIV. P. 26(a). Further,

> [t]he power to stay proceedings is incidental to the power inherent in every court
> to control the disposition of the causes on its docket with economy of time and
> effort for itself, for counsel, and for litigants. How this can best be done calls for
> the exercise of judgment, which must weigh competing interests and maintain an
> even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

A complete stay of proceedings is generally disfavored. *Bustos v. United States*, 257

F.R.D. 617, 623 (D. Colo. 2009). However, courts have recognized that a stay may be

appropriate while some dispositive motions—including issues of jurisdiction—are being

resolved. *See, e.g.*, *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay

permissible pending ruling on a motion to dismiss for lack of subject matter jurisdiction).

While it appears that neither the Tenth Circuit nor the District of New Mexico has

specifically addressed factors to be considered when deciding a motion to stay, other courts have

considered some combination of the following factors: 1) the length of the stay requested; 2) the

hardship that the movant would face in proceeding with the litigation; 3) the injury that a stay

would cause the non-movant; 4) whether a stay will simplify issues and promote judicial

economy; 5) whether the defendant has made a strong showing that the plaintiff's claim is

unmeritorious; 6) the nature and complexity of the action; 7) the posture or stage of the litigation;

8) the interests of persons who are not parties to the litigation; 9) when the motion to stay is

based on a motion alleging that the court lacks jurisdiction, whether that is an issue of subject

matter or personal jurisdiction; and 10) the public interest. *See Scicchitano v. Cty. of

Northumberland*, 2015 WL 7568357, at *2 (M.D. Pa. Nov. 25, 2015) (factors 1-4); *Hollins v.

U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006) (factors 5-7); *String Cheese Incident*,

2006 WL 894955, at *2 (factors 7, 8, and 10, and granting the stay based on a pending motion to dismiss for lack of personal jurisdiction).

Here, the Defendants suggest that I limit any stay to some period of time and, if the Court has not ruled on subject matter jurisdiction within that time period, that I set a status conference with the parties to discuss how to proceed. To that extent, the Defendants do not request an unreasonably long stay. This factor weighs in favor of granting the stay.

Additionally, the United States will undoubtedly serve significant discovery requests on the Defendants. Indeed, the United States served nineteen interrogatories and thirty-nine requests for production on the Defendants on January 22, 2016. (*See* Doc. 115 at 2.) The Defendants will face significant burdens proceeding with discovery, regardless of when that discovery occurs. This factor is, therefore, neutral.

The United States does not suggest that it will suffer any particular harm if the stay is granted. The parties have requested an abnormally long period for discovery and acknowledged that this case will be document intensive. This factor weighs in favor of granting the stay.

Any stay of proceedings will not simplify or clarify issues for the Court. Indeed, the Defendants request a stay solely based on the Court's Order to Show Cause. There are no collateral or related proceedings that will clarify any of the issues. This factor weighs against granting the stay.

As to factor five, this Court has found not only that the Defendants have not shown that the United States's claim is not meritorious, but that it is likely that the United States will succeed on the merits of its case. (Doc. 89 at 4-5; Doc. 103 at 14.) This factor weighs against granting the stay.

Next, this is a complex and somewhat unusual case. As previously noted, discovery in this matter will require substantial time and resources on behalf of the United States, the Defendants, and—in all probability—third parties. A stay at this time would unnecessarily impede the progress of the case. This factor weighs against granting the stay.

Despite significant activity and briefing in this case to date, it is relatively early in the case. Full-scale discovery does not appear to have commenced. Accordingly, this factor weighs in favor of granting the stay.

The United States intends to serve approximately one hundred subpoenas on third parties. (*See* Doc. 121.) While this will be a burden on those third parties, the burden will occur eventually, whether or not there is a temporary stay. Furthermore, the more time passes between the events giving rise to the case and the third-party discovery, the harder it will be for third-parties to comply with discovery requests or subpoenas. This factor weighs against granting the stay.

The public has a significant interest in the prompt and efficient resolution of cases. In this case, actions affecting the cattle industry have significant repercussions in New Mexico and across the country. The public interest is best served by diligent prosecution and resolution of this case. This factor weighs against granting the stay.

Despite the fact that five of the foregoing nine factors weigh against granting the motion to stay, the seminal factor in my consideration of this motion is the probability that the Court will not apply the doctrine of primary jurisdiction. As explained below, the Court is likely to find that the doctrine of primary jurisdiction does not apply. Accordingly, granting a stay at this time would be an abuse of discretion and would unreasonably delay the litigation.

Contrary to the Defendants' assertions, the Court's Order to Show Cause relating to the doctrine of primary jurisdiction is not an indication that the Court questions its subject matter jurisdiction. Indeed, "primary jurisdiction . . . is a doctrine specifically applicable to claims properly cognizable in court that contain some issue within the special competence of an administrative agency." *Reiter v. Cooper*, 507 U.S. 258, 268 (1993); *see also Britton Ramsey and Grapy P.C. v. McCutcheon*, 200 F. App'x 760, 764 (10th Cir. 2006) (unpublished) ("The doctrine of primary jurisdiction applies to claims 'properly cognizable in court,' permitting administrative referral of issues within special agency expertise while the court retains jurisdiction or dismisses the case without prejudice." (quoting *Reiter*, 507 U.S. at 268)); *Baltimore & Ohio Chicago Terminal R.R. Co. v. Wis. Cent. Ltd.*, 154 F.3d 404, 411 (7th Cir. 1998); *Sunflower Elec. Co-op. v. Kan. Power & Light*, 603 F.2d 791, 795 (10th Cir. 1979). Even if the Court were to determine that the doctrine of primary jurisdiction applies, it would not divest this Court of subject matter jurisdiction.

Further, it is likely that the doctrine of primary jurisdiction does not apply. The doctrine of primary jurisdiction applies when there is a question that demands the exercise of administrative discretion requiring the special knowledge, experience, and services of the administrative tribunal to determine technical and intricate matters of fact; that question is not within the conventional experience of judges; and when a uniformity of ruling is essential to comply with the purposes of the regulatory statute administered. *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1240 (10th Cir. 2007).

Additionally, the doctrine of primary jurisdiction is designed to promote the appropriate relationship between the courts and administrative agencies charged with particular regulatory responsibilities. *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 63 (1956). The doctrine of

primary jurisdiction can be waived. *See Baltimore & Ohio Chicago Terminal*, 154 F.3d at 411.

And, perhaps most relevantly in this case, the doctrine of primary jurisdiction does not apply

when the administrative agency is the plaintiff before the court. *See United States v. Norton*, 640

F. Supp. 1257, 1260 (D. Colo. 1986)

In this case, while livestock sales are not within the ordinary ken of judges, the questions

raised are neither scientific nor particularly technical. The issues in this case center on fraud,

which is a common issue for federal courts. It is not necessary for any factual determinations to

be made by the Secretary of Agriculture. The United States, on behalf of the Grain Inspection,

Packers and Stockyards Administration, is the plaintiff. In order to fashion a legal remedy and

court injunction, a federal district court is competent to handle this case.

To the extent that the Court reaches the issue of subject matter jurisdiction as it relates to

the United States's non-injunctive claims, the Court is likely to find that it has subject matter

jurisdiction pursuant to 7 U.S.C. § 224. Section 224 provides that "[t]he Secretary [of

Agriculture] may report any violation of [the Packers and Stockyards Act] to the Attorney

General of the United States, who shall cause appropriate proceedings to be commenced and

prosecuted in the proper courts of the United States without delay." *See also United States v.

Exxon Corp.*, 470 F. Supp. 674, 678 (D.D.C. 1979), *aff'd sub. nom. Exxon Corp. v. U.S.*, 616

F.2d 526 (Temp. Emer. Ct. App. 1980) (finding the language "such person may request the

Attorney General to bring an action in the appropriate district court of the United States" in 12

U.S.C. § 1904 plainly authorizes the agency exercising such authority to go directly to court).

Furthermore, 28 U.S.C. § 1345 confers original jurisdiction in district courts over "all

civil actions, suits or proceedings commenced by the United States, or by any agency or officer

thereof expressly authorized to sue by Act of Congress."  Likewise, 28 U.S.C. § 1355(a) confers

original jurisdiction in district courts over "any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress . . . ."

Not only was this case brought by the United States, but it was brought for the enforcement of a fine, penalty, or forfeiture incurred under the Packers and Stockyards Act—an Act of Congress. Additionally, 7 U.S.C. § 224 specifically directs the Attorney General of the United States, at the request of the Secretary of Agriculture, to bring proceedings in federal court. This Court has subject matter jurisdiction over the non-injunctive claims.

To the extent that the Court is inclined to reach the issue of subject matter jurisdiction as it relates to the United States's ability to seek injunctive relief before the Secretary of Agriculture commences administrative proceedings, the Court is likely to find that subject matter jurisdiction exists for many of the same reasons.

Given that the Court is likely to determine that the doctrine of primary jurisdiction does not apply and that subject matter jurisdiction exists over all claims, and that a majority of the factors courts consider when deciding whether to stay proceedings counsel against staying proceedings in this case, the Defendants' motion for stay is denied.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.

7