IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                              No. 15-CV-680 MCA/WPL

HIGH PLAINS LIVESTOCK, LLC,
dba PRODUCERS LIVESTOCK AUCTION,
MICHAEL FLEN, CALVIN PAREO, and
DARCIE PAREO,

    Defendants.

### SECOND ORDER TO DEPOSIT FUNDS AND ORDER TO SHOW CAUSE

THIS MATTER is before the Court on the Court's review of the docket. On May 10, 2016, this Court ordered Defendants "to deposit $15,000 into the Court registry by May 20, 2016 for payment of incurred and future fees of the Special Master." [Doc. 187] The Court docket shows no entries that Defendants ever deposited the amount ordered.

The Court has "broad inherent power to sanction misconduct and abuse of the judicial process." *Klein v. Harper*, 77 F.3d 1144, 1146 (10th Cir. 2015). The failure to comply with court orders can result in sanctions up to and including a summary decision in the opposing party's favor. *Id.*; *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) ("It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice.").

In this case the Court appointed a Special Master in order to allow Defendants to continue to operate, as a less drastic measure than appointing a receiver. In pertinent part, the Court's Order stated:

> Considering the evidence as a whole, the Court concludes that there would be sufficient justification to warrant the extraordinary remedy of the appointment of a receiver prior to the determination of the merits in this case. . . . At the hearing on January 8, 2016, Mr. Cowen stated he was unwilling to act as a receiver but willing to act as a special master. While it may be that Johnson, Miller & Co. is willing to act as a receiver in this case, the Court concludes that the less drastic measure of appointment of a special master is warranted. The Court notes that, subject to the reports and recommendations of the special master, the United States may move the Court to reconsider the appointment of a receiver in this matter, and, further, upon the first report of Mr. Cowen as special master, the Court will consider whether appointment of Johnson, Miller & Co as a co-special master is appropriate and feasible.

[Doc. 103, pp. 15-16] The Court appointed a Special Master, in part, due to "the evidence of rampant fraudulent conduct" occurring before the Government executed its search warrant of Defendants' property. [Doc. 103, p. 14] Further, the United States has filed a *Motion for Appointment of Receiver and/or Co-Special Master, or Preliminary Injunctive Relief* [Doc. 153], which remains pending. Accordingly, Defendants are hereby warned that the failure to comply with this Order or any other Order of the Court may result in summary judgment for the Plaintiff, the appointment of a receiver, and an injunction against further operation by Defendants.

**WHEREFORE DEFENDANTS ARE ORDERED**, for the second time, to deposit $15,000 into the Court Registry. DEFENDANTS shall deposit such funds by June 20, 2016, or Defendants and each of them may be held in contempt of Court.

**IT IS FURTHER HEREBY ORDERED** that Defendants shall show cause by June 22, 2016 at 12:00 noon why they should not be held in contempt of Court for failure to comply with this Court's Order of May 10, 2016.

**SO ORDERED** this 17th day of June, 2016 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court