IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                    No. 1:15-CV-680 MCA/WPL

HIGH PLAINS LIVESTOCK, LLC, dba
PRODUCERS LIVESTOCK AUCTION,
MICHAEL FLEN, CALVIN PAREO,
and DARCIE PAREO,

     Defendants.

## ORDER

**THIS MATTER** is before the Court on the United States' *Motion for Order to Show Cause.* [Doc. 106] The Court, having considered the submissions, the relevant law, and otherwise being fully informed in the premises, hereby **DENIES** the *Motion*.

On January 12, 2016, the United States filed a *Motion for Order to Show Cause* requesting this Court to "enter an Order to Show Cause why Defendant Calvin Pareo should not be held in contempt of Court for violation of this Court's Temporary Injunction." [Doc. 106] Defendants were enjoined from operating any cattle dealer activities from December 8, 2015 to January 13, 2016. [Docs. 55, 89, 104 ¶ 2, 112] The United States submits that on January 8, 2016, Cliff Dairy caused 115 head of cows to be shipped to Calvin Pareo, in violation of the Court's Order. [Doc. 106, ¶ 3; Doc. 106-1] As evidence, the United States provides a New Mexico Livestock Board permit form issued to Cliff Dairy to allow cattle to enter New Mexico. There is a box for information about the destination, which states:

1

TO:  [blank]
LOCATION:  196 NM 267
ARRIVAL DATE:  [blank]                    PURPOSE:  Dairy
CONTACT:  Calvin Pareo
NEAREST CITY/TOWN:  Portales    PHONE NO. IN NM:  575-760-6635

[Doc. 106-1]

In response, Defendants submitted a letter from Randy Smith, who stated:

I purchased cattle at Cliff Dairy, assuming that Calvin Pareo would take the cattle as he had in the past.  When I contacted Calvin Pareo, he explained that he was not currently able to accept cattle as a dealer.

I inquired if he had an alternate buyer that would be interested.  Calvin told me that Rosario Villagran from Dexter NM was operating as a dealer under RV Cattle.

I decided to send the cattle to RV Cattle.

I am the individual that caused the paperwork to have Calvin Pareo listed as the contact person.  I turned the paperwork into the vet before I had verified the purchase with Calvin Pareo.

[Doc. 109, p. 3]

The United States filed a reply but identified no evidence which would tend to disprove the Defendants' evidence.  [Doc. 123]  Thus, the United States' evidence is merely a document completed by a person other than any Defendant, and the actual person shipping the cattle states that the cattle did not actually ship to Calvin Pareo.  The United States does not offer any evidence confirming that the cattle were received or accepted by Calvin Pareo or any Defendant.

Given the evidence provided to the Court by the parties, the Court is not persuaded that the United States will be able to demonstrate a violation of the Court's Order, and thus the Court will not issue an order to show cause.  11A Charles Alan Wright et al.,

Federal Practice and Procedure Civil § 2960 (3d ed. 2013) (a motion for order to show cause why a party should not be held in contempt "should contain a short and plain statement of the grounds upon which the court's subject-matter jurisdiction depends and on its face should show facts sufficient to constitute a contempt of court"); 13 James Wm. Moore et al., Moore's Federal Practice § 65.81 (3d ed. 2013) (stating that the court will order "the defendant to show cause why he or she should not be held in contempt" and schedule a hearing "[i]f [the court is] satisfied that the plaintiff's motion states a case of noncompliance").

WHEREFORE, the United States' *Motion for Order to Show Cause* [Doc. 106] is **HEREBY DENIED**.

**SO ORDERED** this 31st day of March, 2017 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief United States District Court Judge