IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           No. 1:15-CV-680 MCA/WPL

HIGH PLAINS LIVESTOCK, LLC, dba
PRODUCERS LIVESTOCK AUCTION,
MICHAEL FLEN, CALVIN PAREO,
and DARCIE PAREO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the United States' *Motion for Reconsideration of the Court's Memorandum Order and Opinion filed April 4, 2016, Doc. 165 and Memorandum in Support* [Doc. 183]. The Court, having considered the submissions, the relevant law, and being otherwise fully informed in the premises, hereby **DENIES** the Motion.

**ANALYSIS**

Federal Rule of Civil Procedure 54(b) governs the United States' *Motion for Reconsideration*.

> [A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*Id.* "[E]very order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12

1

(1983). Nonetheless, because the Court's ruling on jurisdiction here was a legal determination, "as a practical matter, to succeed in a motion to reconsider, a party must set forth . . . law of a strongly convincing nature to induce the court to reverse its prior decision." *Montoya v. Napolitano,* 2015 WL 11117307, *2 (D.N.M. 2015) (internal quotation marks and citation omitted). This the United States has not done.

First, in large part, the United States challenges the Court's statutory interpretation of 7 U.S.C. § 224,[1] expanding on the argument it made in its *Brief Regarding this Court's Subject Matter Jurisdiction*, which was filed prior to the Court entering the Order that the United States now challenges. [Doc. 107, pp. 4-5; Doc. 183, pp. 2-6] While the United States emphasizes that "the Secretary may report *any violation*" of the Packers and Stockyards Act (PSA) to the Attorney General, given the entire statutory structure of the PSA, the Court is still not persuaded there is an "appropriate proceeding[]" in district court for every violation under the PSA. [Doc. 165, pp. 3-8] The "any violation" language does not overcome "appropriate proceeding[]" identified by Congress in 7 U.S.C. § 213(b), by which the United States can pursue the civil penalties it seeks in Counts I through VIII. Nothing in Section 224 grants the Secretary the broad discretion to bypass Section 213(b)'s procedure.

In addition, the United States argues that *Pan Am. World Airways, Inc. v. United States*, 371 U.S. 296 (1963), is materially distinguishable from the case at hand. [Doc. 183, pp. 6-8] The Court applied *Pan American* based on its conclusion that the language

---

[1] "The Secretary may report any violation of this chapter to the Attorney General of the United States, who shall cause appropriate proceedings to be commenced and prosecuted in the proper courts of the United States without delay." 7 U.S.C. § 224.

2

of the Federal Aviation Act of 1958 was analogous to the language of the 7 U.S.C. § 213(b) in the PSA.  [Doc. 165, pp. 10-11]  Though the United States argues that the language of the statute is distinguishable from the PSA, its argument again rests on its reading of Section 224 as granting dual jurisdiction over violations of Section 213.  As already addressed, this Court disagrees with the United States' reading of Section 224.  Furthermore, if Congress intended to allow dual jurisdiction, Congress would have done so expressly, as it has in other statutes.  *Compare United States v. Any & All Radio Station Equip.*, 204 F.3d 658, 665 (6th Cir. 2000) (holding that dual jurisdiction existed where the statute allowing the United States to seize radio equipment, 47 U.S.C. § 510(b), allows "process issued pursuant to the supplemental rules for certain admiralty and maritime claims by any district court of the United States having jurisdiction over the property") *and United States v. W. Serum Co.*, Inc. 666 F.2d 335, 336 n.2 & 337 (9th Cir. 1982) (recognizing that the Federal Food, Drug, and Cosmetic Act allows jurisdiction in the district court where the statute at issue states: "[t]he district courts of the United States and the United States courts of the Territories shall have jurisdiction, for cause shown . . . to restrain violations of section 331 of this title" (internal quotation marks and citation omitted)).  Congress included no such language in the PSA, and thus the Court will not read Section 224 as granting dual jurisdiction over violations of Section 213.

  Finally, the Court concludes that the statutory text is clear, and resort to the legislative history is not necessary.  However, even on the legislative history argued by the United States [Doc. 183, pp. 8-9], the Court would not be persuaded that Congress intended to allow the Secretary to bypass Section 213(b).  The Court does not question

3

that Congress intended the PSA to be broader than existing anti-trust statutes and to grant the "Secretary of Agriculture 'complete inquisitorial, visitorial, supervisory, and regulatory power over the packers, stockyards and all activities connected therewith[]' H.R. Rep. No. 67-77, at 2." [Doc. 183, pp. 8-9]  This broad authority does not overcome Congress' intended process by which the Secretary may remedy "any unfair, unjustly discriminatory, or deceptive practice."  Section 7 U.S.C. § 213(a).  Section 213(b) clearly and unambiguously describes the process, and that process is a hearing before the Secretary.

The Court is not persuaded that its decision dismissing Counts I through VIII was erroneous.

**CONCLUSION**

**WHEREFORE,** for the foregoing reasons, the United States' *Motion for Reconsideration of the Court's Memorandum Order and Opinion Filed April 4, 2016, Doc. 165 and Memorandum in Support* [Doc. 183] is **DENIED**.

**SO ORDERED** this 31st day of March, 2017 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief United States District Court Judge