IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             CV 15-680 MCA/WPL

HIGH PLAINS LIVESTOCK, LLC, dba
PRODUCERS LIVESTOCK AUCTION,
MICHAEL FLEN, CALVIN PAREO,
and DARCIE PAREO,

    Defendants.

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER**

The United States filed a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c) (Doc. 339), seeking a protective order to prohibit the Defendants from deposing Roderick Prather, an agent with the Grain Inspection, Packers and Stockyards Administration (GIPSA), and Robert Cameron Anderson, whom the Defendants allege participated in GIPSA's investigation of the Defendants (*see* Doc. 346 at 5). The day after the United States filed its motion for protective order, the Defendants filed a notice of withdrawal without prejudice of the deposition notice for Anderson. (Doc. 340.) Having reviewed the record, the briefing, and the relevant law, the motion is granted.

The United States filed the Complaint in this matter on August 5, 2015. (Doc. 1.) The United States brought claims for violations of the Packers and Stockyards Act (PSA), 7 U.S.C. §§ 181-229c (2012). The United States then filed a motion for preliminary injunction to enjoin the Defendants from violating the PSA. (Doc. 7.) Since that time, all counts have been dismissed except for the claim for injunctive relief preventing the Defendants from violating the PSA. (*See*

Doc. 165 (dismissing Counts I through VIII for lack of jurisdiction), Doc. 345 (dismissing Count IX against Defendant Calvin Pareo).) On March 31, 2017, Chief Judge Armijo granted the United States's motion for preliminary injunction and appointed a receiver in this matter. (Doc. 296.)

Rule 26(c) provides that a court may, for good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the . . . discovery." This presumes that the discovery sought "is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1).

The parties agree that there are no substantive claims or motions remaining in this matter. Additionally, 7 U.S.C. § 228a is clear that the temporary restraining order or injunction in this case will only be in effect "until a complaint under this chapter is issued and dismissed by the Secretary [of Agriculture] or until an order to cease and desist made thereon by the Secretary has become final and effective within the meaning of this chapter or is set aside on appellate review of the Secretary's order." With this in mind, the Defendants could not—and indeed, do not—argue that the parties will engage in motions practice for a permanent injunction. It is therefore difficult to see what how any discovery would be relevant or ripe at this time.

Defendants, however, contend that they need to depose Prather and Anderson. The Defendants suggest that the United States may rely on Prather's testimony or a declaration from Prather if either party moves to modify the preliminary injunction that has already been entered by the Court. (Doc. 346 at 5-6.)

The need for additional discovery is, at best, speculative at this time. Given that there are no pending "claim[s] or defense[s]," even if I were to agree with the Defendants that Prather or

Anderson could give relevant testimony at this time, it would be completely disproportional to the needs of the case.

Accordingly, I grant the United States's motion for protective order and will not allow the Defendants to depose Prather or Anderson at this time. Should either party move to amend the injunction presently in place, or should other substantive issues arise in this case, the parties may revisit this issue.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge